**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | ) | |
| **PLAINTIFF,** | ) | |
| **-vs-** | ) | **Case No. 25-40008-TC** |
| **TRAVIS LEE RAY,** | ) | |
| **DEFENDANT.** | ) | |

## MOTION TO DEPART AND/OR VARIANCE

**COMES NOW,** the Defendant, Travis Lee Ray, by and through his attorney, Charles A. O'Hara, and moves the Court for a departure and/or variance to a sentence lessor than the guideline sentence in the above-entitled matter. For cause the Defendant would show the Court the following:

## LAW

1. A Defendant is to be sentenced pursuant to 18 U.S.C. § 3553.
2. The factors the Court is to consider include:
   - The nature and circumstances of the offense.
   - The history and characteristics of the Defendant.
3. In addition, the sentence imposed must:
   - Reflect the seriousness of the offense.
   - To provide adequate deterrence.
   - To protect the public from further crimes of the Defendant.
   - To provide the Defendant with needed education, training, medical care, or treatment.

4. The Court shall consider the possible sentences available.

5. The Court shall avoid unwarranted sentencing disparities.

6. The Court shall consider the need to provide restitution to the victims.

7. The applicable guideline range should be the starting point and initial benchmark of a sentencing proceeding. However, the guidelines are not the only consideration. The sentencing Court after giving both parties an opportunity to argue for whatever sentence they deem appropriate, should then consider all the statutory factors and determine whether they support the sentence requested by the party. ***Gall v. U.S.,*** 552 U.S. 38; 128 S. Ct. 586; 169 L. Ed. 2d. 445 (2007).

8. In ***Gall*** (supra), the Supreme Court stated "…avoidance of unwarranted discrepancy was clearly considered by the Sentencing Commission when setting the Guideline ranges." 552 U.S. 38; 128 S. Ct. 586; 169 L. Ed. 2d. 445 (2007).

9. Also, in ***Gall*** (supra) the Supreme Court stated, "the district Judge may not presume the Guideline range is reasonable but must make an individualized assessment based on the facts presented." 552 U.S. 38; 128 S. Ct. 586; 169 L. Ed. 2d. 445 (2007).

10. Sentencing discrepancies by "prosecutorial charging decisions 'may be unwarranted.'" ***Medrano-Duran***, 386 F. Supp. 2d. 943 (N.D. III 2005) as cited in ***U.S. v Morales-Chaires,*** 430 F. 3d. 1124 (2005; 10th Circuit).

11. In ***Kimbrough v U.S.,*** 552 U.S. 85, 128 S.Ct. 558; 169 L. Ed. 2d. 481 (2007), the Supreme Court stated:

> "As we explained in ***Booker***, however, advisory guidelines combined with appellate review for reasonableness and ongoing revision of the guidelines in response to sentencing practices will help to 'avoid excessive sentencing disparitie' 543 U.S. at 264, 1225 S.Ct. 738. These measures will not eliminate variations between district courts, but in our opinion, ***Booker***

> recognized that some departures from uniformity were a necessary cost of the remedy we adopted."

## ARGUMENT

The Defendant is a 37-year-old father of three children. All three children are under six years of age.

According to the pre-sentencing report the Defendant has zero criminal history points. He has a conviction for a minor in possession of alcohol when he was 18 years old and a diversion for a driving under the influence when he was 16 years of age.

The conduct that resulted in the Defendants present conviction occurred in October of 2024 (approximately two years ago) The Defendant was arrested on February 10,2025 and put on bond with pre-trial conditions. The Defendant has not had any problems while on bond (approximately 1 1/2 years)

The Defendant was born in Norton, Kansas. He has lived in the same area his entire life. He attended college courses at Fort Hays State where he graduated with a degree in finance in 2012. The Defendant then moved to Smith Center, Kansas where he worked as a vice-president in a bank, from 2013-2024. As a result of the instant criminal charges, the Defendant resigned his $115,000.00 job at the bank and began to work construction at $22.00 per hour.

From 2019 to 2024 the Defendant operated a part-time firearms business The Defendant closed this business because of the instant charges. On March 31, 2026, the defendant entered a plea to unlawful possession of a machine gun. The conviction was based on the defendant having possession of machine gun conversion devices.

Law enforcement became involved because the defendant's significant other called law enforcement because of a domestic dispute. When law enforcement arrived a long discussion with the Defendant's wife occurred. It appeared the Defendant and his significant other had both been

consuming alcohol that evening. Towards the end of the conversation the defendant's significant other gave law enforcement some machine guns conversion devices that the defendant's significant other said belonged to the defendant. Later the Defendants residence was searched.

The Defendant has three minor children. The ages of the Defendant's daughters are 5,4, and 2. The defendant and his significant other have separated. The defendant admitted that he and his significant other both abused alcohol. The Defendant completed substance abuse treatment at Valley Hope in Norton, Kansas in 2024.

The Defendant's sentencing guideline range is 18 to 24 months in prison. The Defendant is requesting the court vary or downward from the guidelines. The defendant is requesting the court grant the defendant probation or in the alternative a sentence below the guidance range.

Factors to be considered pursuant to 18 U.S.C § 3553 for sentencing purposes.

## NATURE AND CIRCUMSTANCES OF OFFENSE

The Defendant Possessed Machine gun conversion devices. It is illegal to possess these items. The Defendant purchased the items on the internet.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The Defendant has very little criminal history. He had a criminal history score of zero. The Defendant has a college degree from Fort Hays State. The Defendant has three young daughters that he financially supports. The Defendant has settled his divorce case with his significant other (Ms. Barns). They were found not to be married. Ms. Burns was awarded the parties' residence. The Defendant is required to pay approximately $1,700.00 per month child support for his three daughters. If the defendant is incarcerated the children will be without this support.

Prior to the Defendant's arrest he was a Vice-President at a bank, because of his arrest he resigned the bank employment. The Defendant now pours concrete for a construction company for much less money.

The Defendant has always lived in the same area in Western Kansas. The Defendant's mother and father are involved in the Defendant life. The Defendant's mother was recently found to be suffering from a brain tumor.

The Defendant has had mental issues as well as substance abuse issues. The PSR recommended treatment for both issues. After the Defendant was arrested completed substance abuse treatment at Valley Hope in 2024.

**REFLECT THE SERIOUSNESS OF OFFENSE**

The Defendant understands the seriousness of the offense. It has dramatically changed his life.

**TO PROTECT THE PUBLICE FROM FURTHER CRIMES OF THE DEFENDANT**

The Defendant's life has changed because of the Possession of these devices. He has lost his firearm license and will have his ability to ever have possession of a firearm again severely limited. The Defendant did not commit any violence with the illegal devices. The Defendant has been compliant while on appearance bond.

**TO PROVIDE THE DEFENDANT WITH FIREARM EDUCATION, TRAINING, MEDICAL CARE OR TREATMENT**

The Defendant has already attended substance treatment, Mental health and substance abuse treatment are available in the community. The PSR recommends treatment for both.

**THE COURT SHOULD CONSIDER THE POSSIBLE SENTENCES AVAILBLE**

The Defendant is requesting the Court consider a non-prison sentence. In the alternative, the Defendant is requesting the Court sentencing the Defendant to a sentence lower than the guideline sentence.

**THE COURT SHOULD AVOID UNWARRANT SENTENCING DISPARITIES**

There are no co- Defendant's. The Defendant did possess the machine gun conversion devices.

**THE COURT SHOULD CONSIDER THE NEED TO PROVIDE RESTITUTION TO THE VICTIMS**

There are no specific victims in this matter.

**SUMMARY**

The defendant's life has been severely impacted by the Defendant's possession of these devices. He can never work in the banking industry again. He lost his residence upon separation from Ms. Burns. He is required to pay significant child support. There was not any violence related to the possession of the illegal devices. The defendant requests the court grant probation or in the alternative sentence below the guidelines.

**IT IS SO MOVED.**

**/S/ Charles A. O'Hara**
**Charles A. O'Hara, Attorney for**
**Defendant, Travis Lee Ray**

## CERTIFICATE OF SERVICE

I, Charles A. O'Hara, do hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of the filing to the United States Attorney's Office, on this 5th day of October 2026.

**/S/ Charles A. O'Hara**
**Charles A. O'Hara**
**Bar No. 08979**
**O'HARA & O'HARA, LLC**
**1223 E. First Street**
**Wichita, Kansas 67214**
**Phone No. (316) 263-5601**
**Fax No. (316) 263-7205**
**e-mail address: ohara@oharaohara.com**
**Attorney for Defendant, Travis Lee Ray**