**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(TOPEKA DOCKET)**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRAVIS LEE RAY,**<br><br>**Defendant.** | Case No. 25-40008-TC |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION TO DEPART AND/OR VARIANCE**

The United States of America, by and through Ryan A. Kreigshauser, United States Attorney for the District of Kansas, and Gregory G. Hough, Assistant United States Attorney for said District, respectfully responds to the revocation sentencing memorandum filed by the defendant in this matter,[1] as follows:

**1. Introduction.**

The defendant comes before the court for sentencing, having plead guilty on March 31, 2026, to Count 1 of the Indictment charging a violation of 18 U.S.C. § 922(O), with reference to 18 U.S.C. § 924(a)(2), that is, Unlawful Possession of a

1 Doc. 69.

Machinegun.[2]

A Presentence Investigation Report (PSIR) was filed with the Court on June 25, 2026.[3] The facts which give rise to the Indictment are accurately summarized in the PSIR,[4] and are incorporated by reference as though fully restated at this time. In short, on October 1, 2024, a Smith County, Kansas Sheriff's officer was dispatched for a domestic dispute to the joint residence of the defendant and the mother of his children in Smith Center, Kansas. Upon the officer's arrival, the officer contacted the common law wife of the defendant. During the officer's interaction with the defendant's common law wife, she gave the officer a bag with three machinegun conversion devices (MCD) inside, stating that these belonged to the defendant and she and the defendant knew that he should not have them. At that time, the defendant had a Federal Firearms License (FFL), which allowed him to deal in firearms through his business, "Ray's Armageddon Arsenal." The business was conducted out of his residence from approximately May 2018 through December 2024. The defendant's FFL did not allow him to purchase or sell machineguns, machinegun

2 Doc. 58.

3 Doc. 62.

4 *Id*. at 4-5, ¶¶ 8-16.

conversion devices or silencers. The next day, on October 2, 2026, the Smith County Sheriff's Office conducted a consent search of the joint residence of the defendant and the mother of his children. During the search of the residence, defendant's common law wife handed officers a bag with thirty-five (35) MCD's, commonly called "Glock switches." The bag displayed a white label containing a bar code and multiple Chinese characters. The defendant's common law wife then took officers into the basement of the residence and handed them a black gym bag containing, *inter alia*, 9.43 grams of steroids, 9.56 grams of testosterone, and 0.47 grams of cocaine. While in the basement, officers located a red milk crate containing seven (7) firearm suppressors. Based upon the above, on October 3, 2026, Smith County Sheriff's officers obtained a lawful state search warrant. While ATF agents and Smith County Sheriff's officers were holding Ray's residence in preparation for the search warrant, Ray arrived at the residence. Ray was detained by officers due to being present at the location and in violation of an outstanding Protection from Abuse (PFA) order. The defendant was advised of his *Miranda* rights and the defendant denied having any MCD's. Officers located and seized approximately 196 firearms in a room in the basement. DNA swabs collected from the interior contents of the machinegun conversion devices and packaging were submitted to DNA Labs International for further analysis. DNA Labs International found the DNA on the

above listed items matched the known DNA profile of the defendant, with the likelihood of approximately 310 trillion times more likely it originated from the defendant than any other person.

The PSIR has correctly determined that the base offense level for the defendant's offense is 18.[5] This is correctly reduced by 3 levels for acceptance of responsibility,[6] resulting in a total offense level of 15.[7] The PSIR also correctly notes that the defendant's total criminal history score is zero, resulting in a criminal history category of I.[8] This results in an appropriately calculated Guidelines imprisonment range of 18 to 24 months.[9] There is no information concerning the offense or the offender which would warrant a sentence outside the advisory guideline system.[10] There are no objections to the PSIR.[11]

As part of his plea agreement, the defendant agreed to surrender his FFL and to forfeiture of property to the United States: (a) forty-one (41) machinegun

---

5 Doc. 62 at 6, ¶ 22.

6 *Id*. at 6-7, ¶¶ 29, 30.

7 *Id*. at 7, ¶ 31.

8 *Id*. at 7-8, ¶ 33-42.

9 *Id*. at 12, ¶ 63.

10 *Id*. at 16, ⁋ 98.

11 *Id*. at 17, ¶ 100, 101.

conversion devices of an unknown manufacturer; (b) seven (7) firearms silencers, of an unknown manufacturer; and (c) seven (7) firearms silencers, of an unknown manufacturer and with no serial number. The defendant agreed that this property was involved or used in the commission of Count 1.[12] Pursuant to this agreement, on March 31, 2026, ATF agents gave the defendant the appropriate form and advised needing to establish a plan to surrender his FFL that would involve what to do with his inventory and surrendering any ATF records including any bound book and/or completed ATF Form 4473's and his actual ATF FFL that was issued back to ATF. The defendant claimed to have his bound book. As of this date, ATF has not received any established plan for the surrendering of the defendant's FFL to include the surrendering of ATF records and a bound book. Nor has the defendant provided ATF with his a plan for what he intends on doing with his FFL inventory for which he is a sole proprietor.

The defendant's "motion to depart and/or variance" cites to 18 U.S.C. § 3553, attempts to analyze the statutory factors, and asks the Court to "grant probation or in the alternative sentence below the guidelines."[13] There is no separate downward departure analysis.

12 Doc. 58.

13 Doc. 69.

**2. Analysis.**

The defendant seeks a sentence below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C. § 3553(a). "[A] sentence above or below the recommended Guidelines range through application of the sentencing factors in 18 U.S.C. § 3553(a) is called a 'variance.'" *United States v. Sanchez*, 431 Fed.Appx. 664, 675, 2011 WL 2464200, at *10 (10th Cir. 2011), *citing United States v. Atencio*, 476 F.3d 1099, 1101 n. 1 (10th Cir.2007), *overruling on other grounds recognized by United States v. Kaufman*, 546 F.3d 1242, 1270 (10th Cir.2008). A defendant bears the burden to demonstrate his or her entitlement to a departure or variance. See *United States v. Lopez–Macias*, 661 F.3d 485, 487 (10th Cir. 2011); *United States v. Markham*, 418 Fed.Appx. 730, 732, 2011 WL 1206788, at *2 (10th Cir. 2011). It is respectfully submitted that, based upon the unique facts of this case, this defendant cannot meet his burden.

> Congress directs sentencing courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four statutorily-defined purposes that 18 U.S.C. § 3553(a)(2) enumerates:
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner ....
>
> 18 U.S.C. § 3553(a)(2).

> [A] defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.

18 U.S.C. § 3551(a). To achieve these purposes, § 3553(a) directs sentencing courts to consider: (i) the Guidelines; (ii) the offense's nature, and the nature of the defendant's character; (iii) the available sentences; (iv) the policy favoring uniformity in sentences for defendants who commit similar crimes; (v) the need to provide restitution to victims; and (vi) any pertinent United States Sentencing Commission policy statements in effect on the date of sentencing. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

Although the Guidelines sentences are no longer mandatory, both the Supreme Court and the Tenth Circuit clarify that, while the Guidelines are one of several factors which § 3553(a) enumerates, **they are entitled to careful consideration**. *See Rita v. United States*, 551 U.S. 338, 349 (2007)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate."); *United States v. Cage*, 451 F.3d 585, 593 (10th Cir. 2006)(describing the Guidelines as more than "just one factor among many"), *overruled on other grounds by Gall v. United States*, 552 U.S. 35 (2007). The Guidelines are significant, because "the Guidelines are an expression of popular political will about sentencing that is entitled to due consideration ... [and] 'represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses.'" *United States v. Cage*, 451 F.3d at 593 (*quoting United States v. Terrell*, 445 F.3d 1261, 1265 (10th Cir. 2006), *overruled on other grounds by Rita v. United States*, 551 U.S. at 349). A reasonable sentence is one that "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). *See United States v. Booker*, 543 U.S. at 261-62.

In the Tenth Circuit, "a sentence within the applicable Guidelines range is **presumptively reasonable**." *United States v. Terrell*, 445 F.3d at 1264. This presumption is an appellate presumption, however, and not one that the trial court can or should apply. *See Kimbrough v. United States*, 552 U.S. 85, 90-91 (2007); *Gall v. United States*, 552 U.S. at 46-47; *Rita v. United States*,

> 551 U.S. at 350-51 (repeating that the presumption of reasonableness "is an appellate court presumption") (emphasis in original). Instead, the trial court must undertake the § 3553(a) balancing of factors without any presumption in favor of the advisory Guidelines sentence. *See Kimbrough v. United States*, 552 U.S. at 90-91; *Gall v. United States*, 552 U.S. at 46-47; *Rita v. United States*, 551 U.S. at 351.

*United States v. Barba-Villegas*, 2023 WL 7114764, at *7 (D.N.M., 2023) (emphasis added).

> Under § 3553(a)(6), a district court must consider "disparities **nationwide** among defendants with similar records and Guideline calculations." *United States v. Verdin-Garcia*, 516 F.3d 884, 899 (10th Cir. 2008) (emphasis omitted). This factor recognizes the "unquestioned" precept "that uniformity remains an important goal of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 107, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). However, "disparate sentences are allowed where the disparity is explicable by the facts on the record." *United States v. Davis*, 437 F.3d 989, 997 (10th Cir. 2006) (*quoting United States v. Goddard*, 929 F.2d 546, 550 (10th Cir. 1991)).

*United States v. Allen*, 706 Fed.Appx. 467, 469 (10th Cir. 2017) (emphasis added) (unpublished).

The PSIR correctly notes the defendant's history and characteristics.[14] There are no objections to the PSIR. The defendant is a 37-year-old male, born and raised in Norton, Kansas, and has resided in Smith Center, Kansas, with his common law wife and three children until the instant offense. The defendant and the mother of his

14 Doc. 62 at 8-12, ¶¶ 43-61.

children "are not currently and never were married."[15] As of September 8, 2026, the defendant shall pay monthly child support of $1000 per month and, if he is incarcerated as a result of this matter, the mother of his children has agreed he shall not be obligated to pay child support during the period of his incarceration.[16] As of September 10, 2026, a Protection from Abuse action is pending against this defendant on behalf of his three (3) children and their mother, with temporary orders in place.[17] On September 29, 2026, trial in that matter was continued until October 13, 2026, at 1:30 p.m., and all Temporary Orders for Protection from Abuse previously ordered on September 10, 2026, shall remain in full force and effect.[18] The defendant's minor children are in the primary custody, care and control of their mother.[19] The defendant was raised by both his mother and father and reported a good relationship with his mother and a stable relationship with his father. He enjoys good health, reports no history of any health-related problems and is not currently

15 District Court of Smith County, Kansas, Case No. SM-2025-DM-000036, "AGREED JOURNAL ENTRY OF JUDGMENT."

16 *Id.*

17 District Court of Smith County, Kansas, Case No. SM-2026-DM-000041.

18 *Id.*

19 District Court of Smith County, Kansas, Case No. SM-2025-DM-000036, "AGREED PARENTING PLAN."

prescribed any medication. He is not presently under the care of a professional, nor taking any prescription medication for any mental health related issues. The defendant reported that he started to drink heavily at age 34 and participated in substance abuse treatment due to his alcohol use in 2024. There is nothing remarkable about the defendant's history and characteristics that would merit a downward variance. Indeed, if anything, he has much to be thankful for.

The defendant illegally possessed forty-one (41) machinegun conversion devices of an unknown manufacturer; seven (7) firearms silencers, of an unknown manufacturer; seven (7) firearms silencers, of an unknown manufacturer and with no serial number; and controlled substances, all at the joint residence he shared with his three (3) minor children and their mother. The defendant has failed to comply with the plea agreement provisions requiring him to surrender his FFL, notify ATF of what he intends to do with his inventory and surrender any ATF records including any bound book and/or completed ATF Form 4473's and his actual ATF FFL that was issued back to ATF.

It is respectfully submitted that, based upon the unique facts of this matter, any downward variance or departure from the advisory Guidelines imprisonment would absolutely not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. Likewise, any downward variance

or departure from the advisory Guidelines imprisonment would absolutely not afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.

Because the defendant has failed to meet his burden, his request for a downward departure and/or variance should be summarily overruled, denied and dismissed.

The government reaffirms all of its duties and responsibilities required by the plea agreement in this matter. The appropriately calculated Guidelines imprisonment range is 18 to 24 months.[20] The defendant's total criminal history score is zero, resulting in a criminal history category of I, and the PSIR does not indicate that the defendant has ever served any term of imprisonment.[21] There is no information concerning the offense or the offender which would warrant a sentence outside the advisory guideline system.[22]

For all of the above reasons, it is respectfully submitted that a sentence of imprisonment of 18 months, to be followed by a term of supervised release of 3 years, which requires the defendant to surrender his FFL, notify ATF of what he

---

20 Doc. 62 at 12, ¶ 63.

21 *Id*. at 7-8, ¶ 33-42.

22 *Id*. at 16, ⁋ 98.

intends to do with his inventory and surrender any ATF records including any bound book and/or completed ATF Form 4473's and his actual ATF FFL that was issued back to ATF, and to forfeiture of property to the United States: (a) forty-one (41) machinegun conversion devices of an unknown manufacturer; (b) seven (7) firearms silencers, of an unknown manufacturer; and (c) seven (7) firearms silencers, of an unknown manufacturer and with no serial number, is sufficient but not greater than necessary to satisfy all of the statutory factors which the Court is required to consider, pursuant to 18 U.S.C. 3553(a).

**3. Conclusion.**

For all of the above-stated reasons, it is respectfully submitted that the defendant has not met his burden of establishing that the § 3553(a) factors merit a downward variance in this matter. It is clear from the unique facts of this matter that a Guidelines sentence meets all of the § 3553(a) factors that the Court must consider: the nature of the offense, the history and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect the public, and to provide the defendant with needed training or treatment. If is further clear that a sentence below the advisory Guidelines range does not. There is nothing about the history and characteristics of the defendant that would merit a downward variance or departure. Given the unique facts of this case,

a sentence below the advisory Guidelines range does not adequately address the nature of the offense; does not adequately address the need for the sentence to reflect the seriousness of the crime; and does not adequately address providing deterrence or protecting the public in any manner. Finally, a sentence of imprisonment within the Guidelines imprisonment range will provide the defendant with any needed training or treatment.

For all of the above reasons, it is respectfully submitted that a sentence of imprisonment of 18 months, to be followed by a term of supervised release of 3 years, which requires the defendant to surrender his FFL, notify ATF of what he intends to do with his inventory and surrender any ATF records including any bound book and/or completed ATF Form 4473's and his actual ATF FFL that was issued back to ATF, and to forfeiture of property to the United States: (a) forty-one (41) machinegun conversion devices of an unknown manufacturer; (b) seven (7) firearms silencers, of an unknown manufacturer; and (c) seven (7) firearms silencers, of an unknown manufacturer and with no serial number, is sufficient but not greater than necessary to satisfy all of the statutory factors which the Court is required to consider, pursuant to 18 U.S.C. 3553(a).

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney

s/ *Gregory G. Hough*
Gregory G. Hough, #12860
Assistant U.S. Attorney
444 S.E. Quincy, Suite 290
Topeka, KS. 66683
(785) 295-2850
Greg.Hough@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record for the defendant and U.S. Probation Officer in this matter.

s/ *Gregory G. Hough*
Gregory G. Hough, #12860
Assistant U.S. Attorney
Greg.Hough@usdoj.gov