**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,**<br>**PLAINTIFF,**<br>-vs-<br>**TRAVIS LEE RAY,**<br>**DEFENDANT.** | ) | **Case No. 25-40008-TC** |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DEPART AND/OR VARIANCE**

**COMES NOW,** the Defendant, Travis Lee Ray, by and through his attorney, Charles A. O'Hara, and reply's to the Governments response to the Defendant's motion to depart and/or variance as follows.

1. The Protection from abuse action filed on September 10th, 2026, was dismissed on October 12th, 2026 (District court of Smith County, Kansas Case No. SM-2026-DM-000041.)
2. The Defendant has joint custody of the parties' minor children. The children's mother is the primary residential custodian. (District court of Smith County, Kansas SM-2025-DM-000036: Agreed Parenting Plan page #1)
3. The Defendant's acknowledges the child support pursuant to Journal Entry of Judgement is $1,000.00 per month (District court of Smith County, Kansas SM-2025-DM-000036: Journal Entry of Judgement paragraph # 4.)
4. In addition, the Defendant is required to pay the expenses for the home where his children and their mother reside. (District court of Smith County, Kansas SM-2025-DM-000036, Paragraph #3A.)

5. The plea agreement specifically states; "As part of this agreement, the defendant further agrees to voluntarily relinquish his federal firearm license (FFL) at the time of sentencing" (Paragraph #6 of Plea Agreement)

6. The Defendant intends to at the time of sentencing "Voluntarily relinquish his federal firearm license (FFL) at the time of sentencing."

7. In **US v. Barnes (141 F. 4th 1156.2025)** The 10th Circuit stated the difference between a sentencing departure and a variance.

"Departures are non-guideline sentences imposed under the framework set out in the guidelines" **United States v. Vazquez-Garcia 130 F. 4th 891, 899 (10th Cir, 2025)** (quotations omitted.) Variances, on the other hand, are "non-Guidelines sentence(s) arising from a district court's case specific analysis of the sentencing factors in § 3553 (a). For Departures, courts consider "whether a particular offense falls within the heartland of offenses involving similar Defendants convicted of the same conduct. For variances, a district court has independent discretion to vary based on the § 3553 (a) factors even when an offense falls in the heartland of similar offenses"

8. As justice Sotomayor wrote in **Conception v United States (597 US. 481 S.CT.2389; 213 L. Ed. 2d. 731, 2022)** "When a Defendant appears for sentencing, the sentencing court considers the defendant on that day, not on the date of his offense or the date of his conviction. **Pepper v. United States 56291.S.476;492; 131. CT.1229; 179 L.Ed.2d.196. (2011)**

9. Pursuant to the Defendant's motion to depart and/ or variance, there factors pursuant to 18 U.S.C. § 3553 that allow the court to grant the Defendant probation or in alternative sa sentence below the guidelines.

**REPLY IS SO GIVEN.**

**/S/ Charles A. O'Hara**
**Charles A. O'Hara, Attorney for Defendant, Travis Lee Ray**

## CERTIFICATE OF SERVICE

I, Charles A. O'Hara, do hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of the filing to the United States Attorney's Office, on this 16th day of October 2026.

**/S/ Charles A. O'Hara**
**Charles A. O'Hara**
**Bar No. 08979**
**O'HARA & O'HARA, LLC**
**1223 E. First Street**
**Wichita, Kansas 67214**
**Phone No. (316) 263-5601**
**Fax No. (316) 263-7205**
**e-mail address: ohara@oharaohara.com**
**Attorney for Defendant, Travis Lee Ray**